KLIGLER, D. B. A. KLIGLER ENTERPRISES, APPELLEE, *v.* CITY OF ELYRIA ET AL., APPELLANTS.

(No. 1667—Decided April 24, 1965.)

*Messrs. Christie, Hamister & Gallagher,* for appellee.
*Mr. J. C. Wm. Tattersall,* city solicitor, and *Mr. Garrett Murray,* for appellants.

DOYLE, P. J.   This appeal from a judgment of the Court of Common Pleas of Lorain County presents for decision the validity of Section 1131.03 of the Codified Ordinances of the city of Elyria, and Section 519.18 of the Revised Code, as applied to the zoning of particular real estate property located in Elyria Township, Lorain County, after its annexation by the city of Elyria.

The following facts control the ultimate decision.

On June 8, 1953, the city of Elyria adopted its comprehensive zoning ordinance, in which Section 1131.03 provides:

"In any case where property has not been specifically included within a district, such property shall be considered to be in a 'R-1' district until otherwise classified, and *all property hereafter annexed to the city shall be in a 'R-1' district until and unless otherwise changed.*"   (Emphasis ours.)

An "R-1" district is declared by ordinance to be a single-family residence district, and excludes the erection of multiple-family apartment houses therein.

Effective on September 17, 1957 (127 Ohio Laws 363, 374), the Legislature of Ohio amended Section 519.18, Revised Code, to read in part as follows:

"* * * Upon annexation of township territory to an existing municipal corporation *the zoning regulations then in effect shall remain in full force and shall be enforced by the township officials until the legislative authority of said municipal corpora-*

*tion shall either officially adopt the existing zoning regulations or new regulations for such territory."* (Emphasis ours.)

On the date that the land in controversy in this law suit was annexed to the city of Elyria, the municipal ordinance and the state statute were in full force and effect, and the property was subject to township zoning which permitted the construction of multiple-family apartment houses upon it. Subsequent to annexation, the legislative authority of the city of Elyria did not adopt the existing zoning regulations nor enact new regulations for the annexed lands as permitted in Section 519.18, Revised Code, *supra.*

The municipal ordinance and the state law were also in full force and effect on November 20, 1964, with no additional zoning on the property by the city of Elyria, when Arthur M. Kligler, d. b. a. Kligler Enterprises (appellee herein), filed an application for certificate of plan approval with the building department of the city of Elyria for the proposed construction of apartment houses containing 132 units upon the lands heretofore mentioned as having been previously annexed to the municipality. The plans were approved by the department, and on January 6, 1965, a building permit was issued by the building inspector of the city.

On February 25, 1965, Kligler Enterprises acquired title to the real estate involved herein and commenced improvement of the property for apartment house construction. On March 1, 1965, the building inspector revoked the permit previously issued, apparently for the reason that, in his opinion, the Elyria zoning ordinance should be applied to the annexed territory, which ordinance does not sanction apartments in an R-1 district. On March 3, 1965, Kligler filed a petition in the Court of Common Pleas of Lorain County against the city of Elyria, and the public officials involved, seeking an order to restrain them from interfering with plaintiff's full use of the building permit previously issued, and "from in any way interfering with plaintiff's improvement of the premises or construction of apartment buildings thereon pursuant to said permit, and that * * * a permanent injunction so restraining defendants be granted * * *."

Upon issues joined by the pleadings and the evidence, the

court entered its judgment permanently enjoining the city and its officials ''from interfering in any manner * * * with the lawful exercise by plaintiff of his rights under Elyria city building permit * * * and from in any manner interfering * * * with plaintiff's improvement of the premises * * * or [with] the construction of apartments thereon * * *.''

This is the judgment from which the instant appeal is taken by the city, and its officials, and is the judgment which now faces the attack of the following assignment of errors:

''1. The trial court erred in finding that Section 519.18, Ohio Revised Code, is a valid and constitutional enactment of the Ohio Legislature and not in conflict with the home rule powers granted to municipalities under Article XVIII, Section 3 of the Ohio Constitution.

''2. The trial court erred in finding that Section 1131.03, Codified Ordinances of the city of Elyria, Ohio, is invalid and unconstitutional insofar as it attempts to zone or in any manner affect the land of the plaintiff-appellee.

''3. The trial court erred in finding that Section 1131.03, Codified Ordinances of the city of Elyria, Ohio, is in conflict with the general law of Ohio as declared in Section 519.18, Ohio Revised Code, and attempts to rezone land and effect property rights without complying with requirements of Section 713.12, Ohio Revised Code, and thereby attempts to deprive plaintiff-appellee of his property without due process of law.

''4. The trial court erred in finding that the zoning classification of the property of the plaintiff-appellee is and was on January 6, 1965, Elyria Township 'R' Residential which permits the construction of apartments.

''5. The trial court erred in finding that the plaintiff-appellee is the holder of a valid building permit No. 12797 of the city of Elyria, and that the attempted revocation of said permit on March 1, 1965, was without legal effect.

''6. The trial court erred in finding that the plaintiff-appellee would suffer irreparable damage if his rights under the permit were interfered with for which he had no adequate remedy at law.

''7. The trial court erred in granting the permanent injunction in favor of the plaintiff-appellee so as to prevent the de-

fendants-appellants from enforcing the Elyria Zoning Ordinance so as to prohibit the construction of 132 unit apartment buildings on the property of plaintiff-appellee.''

1. The record before us shows that Elyria is a city without a charter and, as a consequence, it is required, in enacting all zoning ordinances, to comply with statutory procedure such as provided in Section 713.12, Revised Code. (Compare *Morris v. Roseman,* 162 Ohio St. 447.) Ohio cities have only such powers as are conferred upon them, either directly by the state Constitution or by the Legislature under authority of the Constitution, and while the home-rule provisions of the Constitution found in Article XVIII confer certain powers on municipalities which are self-executing, the provisions of the Article do not confer extra-territorial authority, nor is there any statutory authority permitting municipal corporations to zone property outside of the corporate limits. (By these statements we do not mean to do violence to the right of planning commissions and other statutory groups to function in respect to property beyond the municipal limits by virtue of statutory authority. See: *Prudential Co-Operative Realty Co.* v. *City of Youngstown,* 118 Ohio St. 204.)

The municipal ordinance here under scrutiny purports to zone ''all property hereinafter annexed to the city'' into a single family residence district. It is asserted that upon the legal annexation of territory to a city the zoning ordinances of the city become binding and effective on the annexed territory without any further act on the part of the city. It may well be that the statement finds approval in some sister states but if such a rule were adopted for Ohio, it would run head-on into the general law of the state which provides as shown above that upon the annexation of township territory the township zoning regulations shall remain in full force and effect *until the legislative authority of the annexing city shall either officially adopt the existing zoning regulations or make new regulations for the annexed territory.*

In the case before us the annexing city had neither adopted the existing township zoning regulations nor had it adopted the new zoning regulations for the annexed territory at the time when the relator applied for a building permit under the pro-

visions of the township zoning regulations; and a property owner cannot be deprived of his right to such a permit if it falls into the purview of zoning regulations in effect at the time of the application for such permit. (Compare *Gibson* v. *City of Oberlin,* 171 Ohio St. 1.)

In concluding the foregoing approach to the questions involved, it is the opinion of this court that the zoning ordinance of the city of Elyria, insofar as it attempts to zone subsequently annexed property in an adjoining township, without further legislation subsequent to annexation, and which property at the time of annexation is subject to township zoning, is invalid and unconstitutional. We determine it to be in violation of the concluding words and phrases of Section 3, Article XVIII of the Constitution of Ohio which provides that "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, *as are not in conflict with general laws.*" (Emphasis ours.)

The Elyria zoning ordinance conflicts with Section 519.18, Revised Code, a general law of the state of Ohio.

2. Although we might well conclude this opinion with the foregoing conclusions, we will consider another reason which may be said to invalidate the ordinance insofar as its application to the plaintiff's property is concerned.

The city of Elyria is a nonchartered city, and despite the "home rule" powers given municipal corporations in Section 3, Article XVIII of the Constitution of Ohio, such nonchartered city "* * * must, in the passage of its legislation, follow the procedure prescribed by the statutes enacted pursuant to the mandate of Section 2, Article XVIII of the Constitution." (*Morris* v. *Roseman, supra.*) In the enactment of a zoning ordinance, a nonchartered city must comply with the provisions of Section 713.12, Revised Code, which requires the holding of a public hearing on such ordinance preceded by a thirty day notice of the time and place of such hearing. *Ibidem.*

It is obvious that if the municipal zoning ordinance enacted a number of years prior to the annexation of the township zoned property was held to be effective and to immediately effect a change of zoning without any further action

by the municipality, property owners and interested persons in the annexed territory would have no notice or opportunity to participate in a public hearing as provided in Section 713.12, Revised Code. If this court were to hold that part of the municipal ordinance valid, we would in effect be denying the property owners in the annexed territory their constitutional right of due process. This, we cannot do.

In specific answer to the assignments of error, this court rules that:

1. The trial court did not err in finding that Section 519.18, Revised Code, is a valid and constitutional enactment of the Ohio Legislature; and

2. The trial court did not err in holding that Section 1131.03, Codified Ordinances of the city of Elyria, is in conflict with Section 519.18, Revised Code; and that the ordinance in its relation to plaintiff's property deprives the plaintiff of his constitutional right of due process.

In respect to the further claimed errors as heretofore set forth, we find no error in the rulings of the trial court.

In view of the fact that this is an appeal on questions of law and fact; we find the law and the facts to be as above indicated, and order a judgment entered here as was rendered in the Court of Common Pleas.

*Judgment for plaintiff.*

BRENNEMAN and HUNSICKER, JJ., concur.